UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

    Plaintiff,

v.                              Case No: 2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County, Florida, KASEY P. WINGO, individually, MICHAEL D. CHAPMAN, individually, BRIAN R. WIEDEL, individually, SCOTT PEPIN, individually, and ROSS ANTHONY, individually,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant Wingo's Affirmative Defenses (Doc. #59) filed on May 26, 2018. Defendant Kasey P. Wingo filed a Response in Opposition (Doc. #64) on June 11, 2018. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Robert Dale Harris (Plaintiff) filed a twenty-count Amended Complaint (Doc. #51) pursuant to 42 U.S.C. § 1983 against Kevin Rambosk in his official capacity as the Sheriff of Lee County (the Sheriff), and deputies Kasey P. Wingo (Deputy Wingo), Michael D. Chapman (Deputy Chapman), Brian R. Wiedel (Deputy Wiedel), Scott

Pepin (Deputy Pepin), and Ross Anthony (Deputy Anthony). Deputy Wingo individually filed his Answer and Affirmative Defenses (Doc. #54) on May 14, 2018, in which he raises thirteen affirmative defenses, including failure to mitigate damages, preexisting condition, and probable cause. Plaintiff seeks to strike Deputy Wingo's First, Third, Fourth, Ninth, and Thirteenth Affirmative Defenses because they are conclusory and unsupported by any facts.

**II.**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as pled, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely

listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.[1]  Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).  Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs."  Id. (citations omitted).

Second, a defendant must avoid pleading shotgun affirmative defenses, viz., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014).  Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all

---

[1] This pleading requirement does not "unfairly subject defendants to a significant risk of waiving viable defenses for which they do not yet have supporting facts," since courts routinely grant filing extensions and freely afford leave to amend pleadings.  Daley, 2016 WL 3517697, at *3.  Often, it is even deemed sufficient "notice" to raise the affirmative defense in a dispositive motion or in the pretrial statement or order.  Id.

claims. See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No. 6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

### III.

**A. First Affirmative Defense**

Deputy Wingo agrees to withdraw his First Affirmative Defense. The First Affirmative Defense is therefore deemed withdrawn.

**B. Third Affirmative Defense**

Deputy Wingo's Third Affirmative Defense asserts that Plaintiff failed to mitigate his damages by not seeking "advice from medical and mental health professionals, failing to seek and obtain the benefit of any and all economic opportunities to limit claims for lost earnings, failing to submit to lawful arrest, minimizing the necessity for use of force and responding to his resistance, and intentionally publicizing his arrest . . . ." (Doc. #54, p. 23.) The Court finds this Affirmative Defense is

sufficiently pled because it alleges Plaintiff's basis for seeking a reduction of damages.[2]

**C. Fourth, Ninth, and Thirteenth Affirmative Defenses**

These Affirmative Defenses allege pre-existing condition, probable cause to arrest, and proper trespass warnings. These Affirmative Defenses are all shotgun defenses because each is pled indiscriminately against Plaintiff's ten claims against Deputy Wingo. This leaves Plaintiff (and the Court) to speculate as to which count or counts each is directed. Thus, the Court strikes these shotgun Affirmative Defenses with leave to replead.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike (Doc. #59) is **GRANTED IN PART AND DENIED IN PART.**

2. The Motion is **DENIED** as to Affirmative Defense Three and is **GRANTED** as to Affirmative Defenses Four, Nine, and Thirteen.

3. Affirmative Defense One is **DEEMED WITHDRAWN.**

---

[2] This Affirmative Defense is essentially a claim for a set-off. While this Affirmative Defense is asserted indiscriminately, it seeks to reduce the *total amount* of Plaintiff's damages (if any) Deputy Wingo is required to pay. In other words, this defense is presumably applicable no matter which claim or claims (if any) Plaintiff prevails on. Thus, the Court will not dismiss this Affirmative Defense on the basis that it is a shotgun defense.

**4.** Defendant is granted leave to amend the stricken Affirmative Defenses within fourteen (14) days of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this 23rd day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record