UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

    Plaintiff,

v.                                                              Case No: 2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County, Florida, KASEY P. WINGO, individually, MICHAEL D. CHAPMAN, individually, BRIAN R. WIEDEL, individually, SCOTT PEPIN, individually, and ROSS ANTHONY, individually,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant Chapman's Affirmative Defenses (Doc. #61) filed on May 31, 2018. Defendant Michael D. Chapman filed a Response in Opposition (Doc. #65) on June 14, 2018. For the reasons set forth below, the motion is granted.

**I.**

Robert Dale Harris (Plaintiff) filed a twenty-count Amended Complaint (Doc. #51) pursuant to 42 U.S.C. § 1983 against Kevin Rambosk in his official capacity as the Sheriff of Lee County (the Sheriff), and deputies Kasey P. Wingo (Deputy Wingo), Michael D. Chapman (Deputy Chapman), Brian R. Wiedel (Deputy Wiedel), Scott

Pepin (Deputy Pepin), and Ross Anthony (Deputy Anthony). Deputy Chapman individually filed his Answer and Affirmative Defenses (Doc. #58) on May 16, 2018, in which he raises seventeen affirmative defenses. Plaintiff seeks to strike Deputy Chapman's Fourth and Sixth Affirmative Defenses because they are conclusory and unsupported by any facts.

**II.**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte. Fed. R. Civ. P. 12(f).

As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as pled, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any

supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.[1]  Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).  Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs."  Id. (citations omitted).

Second, a defendant must avoid pleading shotgun affirmative defenses, viz., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014).  Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all claims.  See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No.

---

[1] This pleading requirement does not "unfairly subject defendants to a significant risk of waiving viable defenses for which they do not yet have supporting facts," since courts routinely grant filing extensions and freely afford leave to amend pleadings.  Daley, 2016 WL 3517697, at *3.  Often, it is even deemed sufficient "notice" to raise the affirmative defense in a dispositive motion or in the pretrial statement or order.  Id.

6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

**III.**

**A. Fourth Affirmative Defense**

Deputy Chapman's Fourth Affirmative Defense asserts that "on April 4, 2014 probable cause did exist, as a matter of law, for Plaintiff's arrest. Therefore, Plaintiff must have consented to his arrest by committing actions that established probable cause for his arrest." (Doc. #58, p. 3.) This Affirmative Defense is a shotgun defense because it is pled indiscriminately against Plaintiff's six claims against Deputy Chapman. This leaves Plaintiff (and the Court) to speculate as to which count or counts it is directed. Accordingly, the Court strikes this shotgun Affirmative Defense with leave to replead.

**B. Sixth Affirmative Defense**

Deputy Chapman's Sixth Affirmative Defense states that "to the extent applicable that the Plaintiff failed to take reasonable efforts or exercise reasonable care to mitigate his damages, the Plaintiff's recovery, if any, should be barred or comparatively diminished . . . ." (Doc. #58, p. 3.) Nothing in this boilerplate

assertion indicates how Plaintiff failed to "make reasonable efforts to alleviate the effects of the injury". Century 21 Real Estate LLC v. Perfect Gulf Props., Inc., No. 608CV1890ORL28KR, 2010 WL 598696, at *5 (M.D. Fla. Feb. 17, 2010) (quoting Black's Law Dictionary (9th ed. 2009)).  This defense will therefore be stricken with leave to amend.

Accordingly, it is hereby

**ORDERED**:

1.  Plaintiff's Motion to Strike (Doc. #61) is **GRANTED.**

2.  Defendant Michael D. Chapman is granted leave to amend the stricken Affirmative Defenses within fourteen (14) days of the date of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this 23rd day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record