UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

    Plaintiff,

v.                                        Case No: 2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County, Florida, KASEY P. WINGO, individually, MICHAEL D. CHAPMAN, individually, BRIAN R. WIEDEL, individually, SCOTT PEPIN, individually, and ROSS ANTHONY, individually,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Ross Anthony's Motion to Dismiss Amended Complaint (Doc. #63) filed on June 8, 2018. Plaintiff filed a Response in Opposition (Doc. #66) on June 21, 2018. For the reasons set forth below, the motion is granted.

**I.**

This case arises out of an alleged conspiracy by law enforcement officials of the Collier County Sheriff's Office (the CCSO) to harass plaintiff Robert Dale Harris (Plaintiff).

According to the Amended Complaint[1] (Doc. #51): On March 9, 2014, between the hours of 3:30 A.M. and 4:30 A.M., Plaintiff was a customer at a McDonald's located at 8875 Davis Boulevard in Naples, Florida, and was seated at an outside table. (Id. ¶¶ 17-18.) Around that time, Deputy Michael D. Chapman (Defendant Chapman) arrived at the McDonald's to assist a McDonald's customer who had locked his keys inside of his vehicle. (Id. ¶ 19.) After assisting that customer with his vehicle, Defendant Chapman – who had encountered Plaintiff in the past – recognized Plaintiff and threatened to trespass him from the McDonald's "and any other business establishment in Naples, whenever he would see him." (Id. ¶¶ 20-21.)

Immediately after the encounter with Defendant Chapman, Plaintiff called the CCSO to report Defendant Chapman's threat. (Id. ¶ 22.) Sergeant Amengual was dispatched to the McDonald's and took Plaintiff's complaint about Defendant Chapman. (Id.)

On May 29, 2014, Deputy Ross Anthony (Defendant Anthony) followed Plaintiff into a Waffle House restaurant located at 3824 Tollhouse Drive in Naples, Florida, and asked Plaintiff to speak with him outside. (Id. ¶ 65.) Plaintiff asked Defendant Anthony why he was being stopped, but Defendant Anthony "refuse[d] to give

---

[1] Because this lawsuit involves multiple defendants who have each separately responded to the Amended Complaint, the Court only recounts the factual allegations relevant to the instant Motion to Dismiss.

2

him a reason." (Id. ¶ 66.) Plaintiff eventually complied with Defendant Anthony's request after Defendant Anthony "threaten[ed] to pepper-spray [Plaintiff] if he d[id] not step outside . . . ." (Id.) Once Plaintiff stepped outside, Defendant Anthony placed Plaintiff in handcuffs and issued him a trespass warning for the Waffle House restaurant. (Id. ¶ 67.)

While Plaintiff was in handcuffs outside of the Waffle House, Defendant Anthony walked to the Shell gas station next to the Waffle House and informed a Shell employee "that he intend[ed] to issue [Plaintiff] a trespass warning" for the Shell gas station. (Id. ¶ 68.) That Shell employee later told Plaintiff "that he did not voluntarily authorize [Defendant Anthony] to trespass [Plaintiff], but felt that he had no choice, and did so 'to keep the peace' with [the CCSO]." (Id. ¶ 69.) On the Waffle House and Shell trespass warning reports, Defendant Anthony stated that Plaintiff "was 'bothering customers'" at a nearby Circle K gas station. (Id. ¶ 70.) This lawsuit followed.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

3

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

The Amended Complaint asserts a First Amendment retaliation claim under 42 U.S.C. § 1983 (Count XVI) against Defendant Anthony in his individual capacity. Defendant Anthony argues Count XVI should be dismissed because he is entitled to qualified immunity. The Court agrees.

Qualified immunity provides "complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sherrod v. Johnson, 667 F.3d 1359, 1363 (11th Cir. 2012) (quotation omitted). To be entitled to qualified immunity, "a government official first must prove that he was acting within his discretionary authority" when the allegedly unlawful acts occurred. Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003).

Here, the Amended Complaint clearly establishes that Defendant Anthony was acting within his discretionary authority as a CCSO sheriff's deputy. Thus, the Court next considers whether qualified immunity is appropriate in this case. Bailey v. Wheeler, 843 F.3d 473, 480 (11th Cir. 2016).

The Court conducts a two-step analysis to determine whether qualified immunity is appropriate. Id. First, the Court determines whether the facts, viewed in the light most favorable

to Plaintiff, demonstrate that Defendant Anthony's conduct violated a constitutional right. Id. Second, the Court determines whether the constitutional right was clearly established at the time of the alleged violation. Id.

To state a First Amendment retaliation claim, "a plaintiff must demonstrate that (1) he engaged in protected speech; (2) the defendant's conduct adversely affected the protected speech; and (3) a causal connection exists between the speech and the defendant's retaliatory actions." Bailey, 843 F.3d at 480. Defendant Anthony argues that Plaintiff has failed to satisfy the causal connection element.

To establish a causal connection between a plaintiff's protected speech and a constitutional violation, the plaintiff "must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quotation and citation omitted). At the motion to dismiss stage, the subjective motivation requirement is satisfied if the plaintiff identifies a sequence of events from which a retaliatory motive can be inferred. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010).

Here, the Court finds that Plaintiff has failed to allege sufficient facts to satisfy the causal connection element. While Plaintiff contends that Defendant Anthony unlawfully threatened to

issue trespass warnings to Plaintiff on May 29, 2014 in retaliation for Plaintiff's complaint to Sergeant Amengual about Defendant Chapman, the Amended Complaint alleges no facts plausibly indicating that Defendant Anthony was even aware of Plaintiff's complaint to Sergeant Amengual.  The Court therefore finds Plaintiff has failed to sufficiently allege that Defendant Anthony was "subjectively motivated to discipline [Plaintiff] for exercising his First Amendment rights." Moton, 631 F.3d at 1341; Abella v. Simon, 482 F. App'x 522, 523 (11th Cir. 2012) (noting that the plaintiff failed to satisfy the causal connection element when the complaint merely alleged that the defendant "might have had knowledge" about the plaintiff's protected speech). Accordingly, Plaintiff has not stated a legally sufficient First Amendment retaliation claim.

Because Plaintiff has failed to plausibly allege a First Amendment violation, Defendant Anthony is entitled to qualified immunity. See Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1300 (11th Cir. 2007) ("If a defendant asserts a qualified immunity defense in a Rule 12(b)(6) motion to dismiss, the court should grant qualified immunity if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right.").  Count XVI is therefore dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. #63) is **GRANTED.**

2. Count XVI against defendant Ross Anthony is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff may file an amended Count XVI within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_\_18th\_\_\_ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record