UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

       Plaintiff,

v.                                 Case No.:  2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, KASEY P. WINGO,
MICHAEL D. CHAPMAN, SCOTT PEPIN
and ROSS ANTHONY,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Undersigned is Plaintiff's Motion for Leave to File Out of Time Second Amended Complaint to Implead Prior Defendant Ross Anthony Who Was Dismissed From Suit Without Prejudice, filed on June 3, 2019.  (Doc. 103).  Former Defendant Anthony filed a Response on June 4, 2019.  (Doc. 105).  Defendant Kevin Rambosk, Sheriff of Collier County, filed a Notice of Joinder in and Adoption of Former Defendant Anthony's Response on June 5, 2019.  (Doc. 108).  For the following reasons, the Undersigned recommends that the Motion for Leave be denied.

A brief procedural history is instructive.  On January 9, 2018, Plaintiff Robert Dale Harris filed a Complaint against Defendants Kevin Rambosk in his official capacity as Sheriff of Collier County, Casey P. Wingo, individually, Michael D. Chapman, individually, and Brian R. Wiedel, individually.  (Doc. 1).  On May 2, 2018, Plaintiff filed an Amended Complaint, adding Scott Pepin, individually, and Ross Anthony, individually.  (Doc. 51 at 1).  The only claim raised

as to Mr. Anthony was in Count XVI for a violation of Plaintiff's First Amendment Rights.  (*Id.* at 60-62).[1]

In Count XVI, Plaintiff asserts that Defendants Anthony and Pepin "violated the clearly established and well settled federal constitutional right of HARRIS First Amendment rights [sic] by violating his Fourth and Fourteenth Amendment rights of:  a.  Freedom from unreasonable seizure of his person; and  b. Freedom from legal detention and deprivation of his liberty without due process of law."  (Doc. 51 at 60-61 ¶ 362).  Plaintiff asserts that Defendants Anthony and Pepin violated Plaintiff's rights "in retaliation when HARRIS exercised his First Amendment right to complain about his treatment at the hands of the CCSD."  (*Id.* at 61 ¶ 363).  Plaintiff further alleges that "[o]n May 29, 2014, ANTHONY, without lawful cause[] to do so, and premised on HARRIS'[] March 9 citizen's complaint to Amengual and failure of the State to prosecute HARRIS for his April 4 arrest, detained and issued HARRIS trespass warnings for three different business establishments:  Dunkin' Donuts, Shell Station, and the Circle K in violation of his civil and constitutional rights."  (Doc. 51 at 61 ¶ 367).

Defendant Anthony filed a Motion to Dismiss Amended Complaint on June 8, 2018.  (Doc. 63).  The presiding trial judge entered and Order on October 18, 2018 granting Defendant Anthony's Motion to Dismiss Amended Complaint.  (Doc. 75 at 8).  The presiding trial judge found that Defendant Anthony was entitled to qualified immunity on the First Amendment retaliation claim (Count XVI).  (*Id.* at 5).  The Court found that Defendant Anthony was acting within his discretionary authority as a Collier County Sheriff's deputy.  (*Id.*).  The Court also

---

[1]  In the Amended Complaint, there are two (2) Counts listed as "Count XVI."  (Doc. 51 at 60, 67).  To be clear, the first listed Count XVI pertains to Defendant Anthony and that is the Count at issue in this Report and Recommendation.  (*Id.* at 60-62).

found that "Plaintiff has failed to allege sufficient facts to satisfy the causal connection element"

of his First Amendment retaliation claim.  (*Id.* at 6).  The Court explained:

> While Plaintiff contends that Defendant Anthony unlawfully threatened to issue trespass warnings to Plaintiff on May 29, 2014 in retaliation for Plaintiff's complaint to Sergeant Amengual about Defendant Chapman, the Amended Complaint alleges no facts plausibly indicating that Defendant Anthony was even aware of Plaintiff's complaint to Sergeant Amengual.  The Court therefore finds Plaintiff has failed to sufficiently allege that Defendant Anthony was 'subjectively motivated to discipline [Plaintiff] for exercising his First Amendment rights.'

(*Id.* at 7).  The Court concluded that because Plaintiff failed to plausibly allege a First

Amendment violation, Defendant Anthony was entitled to qualified immunity.  (*Id.*).  The Court

dismissed Count XVI against Defendant Anthony without prejudice and allowed Plaintiff

fourteen (14) days from the date of the Opinion and Order (October 18, 2018) to file an amended

Count XVI.  (*Id.* at 8).  Plaintiff filed his Motion for Leave on June 3, 2019, over seven (7)

months after the deadline set by the presiding trial judge.

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is

served, "a party may amend its pleading only with the opposing party's written consent or the

court's leave.  The Court should freely give leave when justice so requires."  The decision

whether to permit an amendment is within the sound discretion of the court.  *Foman v. Davis*,

371 U.S. 178, 182 (1962).  The Motion *sub judice* was filed over seven (7) months after the

Court's deadline.

"When a party files a motion for leave to amend a pleading after the applicable

scheduling order deadline has passed, the party is in effect seeking to modify this deadline."

*Coach Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *1

(M.D. Fla. June 11, 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.

1998)).  Thus, the Undersigned applies the good cause and excusable neglect standards found in

Rules 6 and 16 in determining whether to grant an untimely motion for leave to amend a

pleading.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified

time, the court may, for good cause, extend the time . . . on motion made after the time has

expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A

schedule may be modified only for good cause and with the judge's consent."); *Estate of Miller*

*v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 ("[W]hen a party files a motion for

leave to amend a pleading after the relevant scheduling order deadline has passed, the party must

demonstrate both good cause and excusable neglect for the untimely motion." (citing Fed. R.

Civ. P. 6(b)(1)(B), 16(b)(4))).  Only then does the court consider whether amendment is proper

under Fed. R. Civ. P. 15(a).  *Sosa*, 133 F.3d at 1419.

The "good cause standard precludes modification unless the schedule cannot 'be met

despite the diligence of the party seeking the extension.'"  *Id.* at 1418.  Furthermore, with regard

to excusable neglect, this Court has recognized that "Congress plainly contemplated that the

courts would be permitted, where appropriate, to accept late filings caused by inadvertence,

mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

*Estate of Washington v. Carter's Retail, Inc.*, 3:10-CV-1136-J-32TEM, 2011 WL 2731291, at *2

(M.D. Fla. July 13, 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

U.S. 380, 388 (1993)).  The determination of whether a party has established excusable neglect

"is at bottom an equitable one."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  The Supreme Court

has identified four factors courts should consider:  "(1) the danger of prejudice to the other party;

(2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for

the delay, including whether it was within the reasonable control of the movant; and (4) whether

the movant acted in good faith." *Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

As a preliminary matter, the Undersigned has reviewed the scheduling dates in the case to consider the impact of the proposed amended complaint on the litigation. The Case Management and Scheduling Order provides a deadline of May 18, 2018 to add parties or amend pleadings. (Doc. 47 at 1). The expert report deadlines were March 8, 2019 for Plaintiff and April 8, 2019 for Defendant. (*Id.*). The discovery deadline was May 10, 2019, and the dipositive motion deadline was June 10, 2019. (*Id.*). This case is set for a Final Pretrial Conference on October 21, 2019 and is set for a trial term to begin on November 4, 2019. (*Id.* at 2). Plaintiff filed the Motion for Leave on June 3, 2019, after the discovery deadline and seven (7) days before the dispositive motion deadline. (Doc. 103).

With the scheduling dates in mind, the Undersigned addresses the good cause and excusable neglect standards. As to the first excusable neglect factor of prejudice to the opposing party and second factor of length of delay and its potential impact on the judicial proceedings, if Plaintiff is permitted to amend at this late date, it is clear that discovery would need to be reopened, the dispositive motions deadline would need to be extended, and the trial term would also need to be continued. The present Defendants already filed their dispositive motions and Plaintiff has filed responses to the majority of them. (Docs. 112, 113, 121, 126, 127, 128, 129). Thus, due to the delay in seeking leave to amend, Defendants are prejudiced by having to participate and potentially conduct additional discovery, reconsider and potentially refile their dispositive motions, and be subject to a later trial period. In addition, due to the delay in seeking leave to amend, if Plaintiff is permitted to add Defendant Anthony now, Defendant Anthony must be given time to prepare this case for trial. Thus, for this additional reason, many of the

deadlines will need to be extended, which would impact the trial date and  impact the judicial proceedings.

As to the third factor directed to the reason for the delay and the fourth factor as to whether the movant acted in good faith, here, Plaintiff argues that discovery conducted subsequent to the October 18, 2018 Order demonstrates a basis for allowing Plaintiff to amend and add a claim against Defendant Anthony out of time.  (Doc. 103 at 10-11).  The Undersigned carefully scrutinized the discovery that Plaintiff claims demonstrates a basis for the delay.  Further, the Undersigned also considered whether the delay was within the control of Plaintiff.

In support of his position, Plaintiff cites to his own deposition that occurred on January 23 and 24, 2019 and a videotaped encounter on August 30, 2014 that Plaintiff videotaped.  (Doc. 103 at 3-8).  As to Plaintiff's deposition, Plaintiff knew or should have known the information that he testified to at his deposition at the outset of the case.  Further, even if some new information came to light at Plaintiff's deposition, his deposition occurred in January 2019, but Plaintiff waited until June to file the Motion for Leave to Amend.  Further, Plaintiff's own videotaped coverage of an encounter on August 30, 2014, should have been within the possession and knowledge of Plaintiff.  For these reasons, the Undersigned finds that the information learned at Plaintiff's deposition and/or by his videotaped encounter does not demonstrate good cause or excusable neglect for Plaintiff's delay in seeking leave to amend by over seven (7) months after the deadline to amend.

Plaintiff also cites to the depositions of Defendant Anthony taken on March 28, 2019, Michael Williams taken on April 10, 2019, and Bartolome Amengual taken on April 10, 2019.  (Doc. 103 at 5-8).  These depositions were completed in April, yet Plaintiff delayed until June 2019 to file his Motion for Leave to amend without demonstrating good cause for not pursuing

this discovery earlier.  In addition, Plaintiff knew from the October 2018 Opinion and Order (Doc 75) the additional evidence Plaintiff needed to establish a claim against Defendant Anthony.  Yet, Plaintiff did not request an extension of the deadline to amend nor did Plaintiff pursue the needed discovery expeditiously.  Instead, and without explanation or good cause, Plaintiff delayed in the discovery he needed to assert this claim until March and April 2019.

For the foregoing reasons, the Undersigned finds that Plaintiff has not demonstrated good cause and/or excusable neglect for the delay in not seeking leave to file a Second Amended Complaint to reassert a claim against Defendant Anthony for the following four reasons.  First, Plaintiff delayed over seven (7) months in seeking leave to amend.  Second, Plaintiff did not seek leave to extend the deadline to amend set in the October 18, 2018 Order (Doc. 75 at 8).  Third, Plaintiff did not show that the discovery allegedly needed to reassert a claim against Defendant Anthony could not have been taken months earlier.  Fourth, Plaintiff did not show why he did not move for leave to amend immediately after the new discovery was taken.  Thus, Plaintiff has not shown diligence in pursuing leave to amend and has not demonstrated good cause to allow leave to amend as is required in Fed. Rs. Civ. P. 6(b) and 16(b).  *See Sosa*, 133 F.3d at 1418. Further, Plaintiff has not established excusable neglect.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *Estate of Washington*, 2011 WL 2731291, at *3.

Accordingly, it is **RESPECTFULLY RECOMMENDED:**

The Motion for Leave to File Out of Time Second Amended Complaint to Implead Prior Defendant Ross Anthony Who Was Dismissed From Suit Without Prejudice be **DENIED**.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 1, 2019, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties