UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

    Plaintiff,

v.                                                                                            CASE NO.: 2:18-CV-17-FtM-29MRM

KEVIN RAMBOSK, in his Official Capacity
as Sheriff of Collier County, Florida,
KASEY P. WINGO, individually,
MICHAEL D. CHAPMAN, individually,
and SCOTT PEPIN, individually,

    Defendants.
_____/

## DEFENDANT PEPIN'S MOTION IN LIMINE, AND INCORPORATED MEMORANDUM OF LAW

Defendant Scott Pepin, by and through undersigned counsel, and pursuant to the provisions of the Court's Case Management Order (Doc. 47) and Federal Rules of Evidence 401 and 403, hereby moves the Court in limine for an Order precluding evidence testimony, comment, or argument concerning the following items:

### Exclusion of Pepin's role in the April 4, 2014 arrest incident if the only claim that survives summary judgment is the June 10, 2014 trespass incident

1.    Plaintiff makes claims against Defendant Pepin based on two incidents: the April 4, 2014 arrest of Plaintiff at the I-Storage Unit; and the issuance of a trespass warning to Plaintiff on June 10, 2014. The former involves claims of use of excessive force, false arrest and malicious prosecution. The latter is a First Amendment retaliation claim.

2.    The damages claimed are completely different as between the two incidents. For example, during the April 4 incident Plaintiff was struck by Pepin with an asp baton, a taser was

deployed, and Plaintiff was held in jail for a period of days. Damages arising from the June 10 trespass warning incident are essentially symbolic and nominal.

3.   Defendant Pepin has moved for summary judgment on both claims, asserting that the statute of limitations had expired prior to suit for the April 4 incident and asserting the qualified immunity defense for both the April 4 and June 10 incidents. (Doc. 113).

4.   In the event that the Court grants summary judgment to Pepin on the claims growing out of the April 4, 2014 arrest incident, but denies summary judgment on the June 10, 2014 trespass warning incident, Defendant Pepin moves to exclude any evidence or argument as to his involvement in the April 4, 2014 arrest incident. The grounds for the motion are that if summary judgment is granted on the April 4 incident then Pepin's role in that incident would be irrelevant to any issue for trial and therefore inadmissible and due to be excluded under FRE 401.

5.   Additionally, Defendant is concerned that the June 10 trespass incident might become a back door through which Plaintiff would criticize Pepin and seek damages for the April 4 incident. Thus, in addition to a relevance objection, Pepin asserts that under FRE 403 his role in the April 4 incident should be excluded. The probative value of the evidence would be practically nil, whereas the risk of unfair prejudice or confusion of issues for the jury as between the two events would be high.

6.   Specifically, Pepin would seek an order which a) precludes counsel, Plaintiff, or any witness or party from testifying or remarking as to Pepin's role in the April 4 arrest incident; b) redaction of Pepin's name from any documentary exhibit, such as arrest reports or the professional standards review of the case, if admitted into evidence or shown to the jury; c) redaction of Pepin's face or other identifying information from the dash came video of the incident; and d) exclusion of other testimonial or documentary evidence as to his involvement in the matter.

### Exclusion of Speculation as to Pepin's knowledge of March 9, 2014 complaint against Chapman

7. The thesis of the First Amendment claim against Pepin for the June 10, 2014 trespass warning at the Dunkin Donuts is that Pepin was retaliating for Plaintiff's March 9, 2014 complaint to Sgt. Amengual concerning Defendant Chapman. However, Pepin was not present for the incident. And, the only evidence on the subject has been a question and answer of Defendant Pepin wherein Pepin denied having been made aware of the complaint.

8. Plaintiff has speculated that his March 9, 2014 complaint about Chapman was discussed throughout the agency such that Pepin would have been aware of it; however, no evidence has been developed to support the speculation. The centerpiece of a valid First Amendment claim in this context is *evidence* that the Defendant had a retaliatory motive. *Gattis v. Brice*, 136 F.3d 724, 726 (11th Cir. 1998) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Bryson v. City of Waycross*, 888 F.2d 1562, 1565–66 (11th Cir.1989)); *Joseph v. Allegheny County Airport Authority*, 152 Fed. Appx. 121, 124 (3rd Cir. 2005). At trial, Plaintiff should be precluded under FRE 401 and 403 from unfounded *speculation* that Pepin was aware of his complaint about Chapman.

### As to witness Sarah Wolin and the Dunkin Donuts trespass, the Court should exclude speculation that Wolin knew Pepin's stepson from high school, that Wolin has faced misdemeanor criminal charges, that only the owner can ask for a trespass warning, or that the owner of the Dunkin Donuts later rescinded the warning and hired Plaintiff

9. Sarah Wolin was the employee at the Dunkin' Donuts who asked deputies on June 10, 2014 to issue a trespass warning to Plaintiff. Plaintiff does not deny that Wolin asked that the warning be issued as he could not hear what was said between Wolin and the deputies. However, Plaintiff has asserted that Wolin was dating or was acquainted with Defendant Pepin's stepson,

that Wolin has a criminal record, and that Wolin may not have been empowered to ask for the warning.

10. The main testimony on the subject of Wolin's relationship to Pepin's stepson was Wolin's deposition. She testified that she knew Pepin's stepson Cal him from high school, but was not dating him. (Wolin, p. 25, line 8 through p. 26, line 14). There has been vague speculation of ulterior motive by Plaintiff as to Wolin, but no evidence that her having gone to high school with the stepson played any role in the case. Thus, pursuant to FRE 401 and 403 Plaintiff should be excluded from speculating based on Wolin having gone to high school with Pepin's strepson.

11. During Wolin's deposition Plaintiff's counsel referred to criminal charges against Wolin for shoplifting and possession of marijuana unrelated to any matter in the case. (Wolin, p. 43, line 21 through p. 45, line 19). These charges all appear to be misdemeanor charges and do not meet the standards of FRE 609 for admissibility. Plaintiff has not established a reason for their admissibility and so counsel should be instructed by the Court not to mention the issue in front of the jury.

12. The Court should exclude evidence of "property agreements," whereby the owner of property can give deputies permission in the absence of the owner to issue trespass warnings. Plaintiff has frequently miscast this in depositions to mean that the owner – and only the owner – can ask for issuance of a trespass warning. However, § 810.09(3), Fla. Stat., provides that a person authorized to issue a trespass warning includes both a law enforcement officer with a written agreement from the owner, i.e. a property agreement, *or* an agent of the owner. An employee or person with apparent authority can ask for a trespass warning. *Moran v. Cameron*, 362 Fed. Appx. 88, 95-6 (11th Cir. 2010) (law enforcement officer could reasonably believe that an unpaid volunteer had apparent authority to ask for a trespass warning).

13. Finally, Plaintiff has suggested at various points that, later, the owners or other managerial personnel at the Dunkin Donuts asked that the trespass warning be rescinded because the owners liked Plaintiff and even hired him post incident for various chores at the restaurant. That of course is completely irrelevant to the fact of the request for a warning on June 10, 2014, and would be introduced only to imply that the initial warning was wrongful based on post-incident events. The Court should exclude any mention of the trespass warning being rescinded or Plaintiff eventually working at the Dunkin Donuts.

14. Pursuant to Local Rule 3.01(g), Defense counsel has contacted Plaintiff's counsel, Dawn Drellos-Thompson, Esq., regarding the matters raised in this motion and Plaintiff opposes the relief sought by this motion.

WHEREFORE, Defendant Pepin moves the Court for entry of an Order precluding evidence, testimony, argument, or mention of the above-cited matters before the jury.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to the following: Dawn L. Drellos-Thompson, Esq., *dawn@compass.legal*, Compass Law Firm, P.A., 27499 Riverview Center Blvd., Suite 210, Bonita Springs, Florida 34134; Summer M. Barranco, Esq., *summer@purdylaw.com*, Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Blvd., Suite 1216, Fort Lauderdale, Florida 33304; Robert C. Shearman, Esq., *robert.shearman@henlaw.com*, Henderson, Franklin, Starnes & Holt, PA, 1715 Monroe Street, Ft. Myers, FL 33902; and Bruce R. Bogan, Esq. and Melissa Sydow, Esq., *bbogan@hilyardlawfirm.com* and *msydow@hilyarlawfirm.com*, Hilyard, Bogan & Palmer, PA, 105 E. Robinson Street, Suite 201, Orlando, Florida 32802.

_____
THOMAS W. POULTON, ESQUIRE
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQUIRE
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 407-673-5059
Attorneys for Defendant Pepin

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to the following: Dawn L. Drellos-Thompson, Esq., *dawn@compass.legal*, Compass Law Firm, P.A., 27499 Riverview Center Blvd., Suite 210, Bonita Springs, Florida 34134; Summer M. Barranco, Esq., *summer@purdylaw.com*, Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Blvd., Suite 1216, Fort Lauderdale, Florida 33304; Robert C. Shearman, Esq., *robert.shearman@henlaw.com*, Henderson, Franklin, Starnes & Holt, PA, 1715 Monroe Street, Ft. Myers, FL 33902; and Bruce R. Bogan, Esq. and Melissa Sydow, Esq., *bbogan@hilyardlawfirm.com* and *msydow@hilyarlawfirm.com*, Hilyard, Bogan & Palmer, PA, 105 E. Robinson Street, Suite 201, Orlando, Florida 32802.

_____
THOMAS W. POULTON, ESQUIRE
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQUIRE
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 407-673-5059
Attorneys for Defendant Pepin