```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

ROBERT DALE HARRIS,

      Plaintiff,

v.                                      Case No: 2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, in his
official capacity as Sheriff
of Collier County, Florida,
KASEY P. WINGO,
individually, MICHAEL D.
CHAPMAN, individually, SCOTT
PEPIN, individually, and
ROSS ANTHONY, individually,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Michael D. Chapman's Motion for Summary Judgment (Doc. #121) filed on June 10, 2019. Plaintiff filed a Response (Doc. #127) on June 24, 2019. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to

find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant

2

summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

Qualified immunity provides "complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sherrod v. Johnson, 667 F.3d 1359, 1363 (11th Cir. 2012) (quotation omitted). A defendant claiming qualified immunity must show that he acted "within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991)). If that showing is made, then the plaintiff must establish "(1) that the facts, when construed in the plaintiff's favor, show that the official committed a constitutional violation and, if so, (2) that the law, at the time of the official's act, clearly established the unconstitutionality of that conduct." Singletary v. Vargas, 804 F.3d 1174, 1180 (11th Cir. 2015)(citation omitted). It is undisputed that Deputy Chapman was acting within his discretionary authority as a law enforcement officer at all relevant times.

**II.**

Plaintiff Robert Dale Harris (Plaintiff) filed an Amended Complaint (Doc. #51) in this case on May 2, 2018. The Amended Complaint asserts claims against Deputy Michael D. Chapman (Deputy Chapman), a Collier County Sheriff's Office deputy, for false arrest and excessive force under 42 U.S.C. § 1983 (Count V); malicious prosecution under § 1983 (Count VI); malicious prosecution under Florida law (Count VII); assault and battery under Florida law (Count XI); conspiracy to violate Plaintiff's civil rights under § 1983 (Count XII); and First Amendment retaliation under § 1983 (Count XIII).

The undisputed facts relevant to the instant motion are set forth in the Court's previous Opinion and Order (Doc. #173) and are adopted herein. Deputy Chapman now moves for summary judgment on all Counts asserted against him. As to Plaintiff's claims for false arrest, malicious prosecution, and First Amendment retaliation, Deputy Chapman argues he is entitled to summary judgment because he had probable cause to arrest Plaintiff on April 4, 2014. Deputy Chapman alternatively argues that even if he lacked probable cause to arrest Plaintiff, he had arguable probable cause to arrest Plaintiff and is thus entitled to qualified immunity.

As to Plaintiff's claims for excessive force and assault and battery, Deputy Chapman argues he is entitled to summary judgment

4

because his use of force was objectively reasonable. Deputy Chapman alternatively argues that even if he "used excessive force," he did not violate clearly established law and is thus entitled to qualified immunity. (Doc. #121, p. 22.)

**A.  The False Arrest (Count V), Malicious Prosecution (Counts VI, VII), and First Amendment Retaliation (Count XIII) Claims**

Deputy Chapman argues he is entitled to summary judgment on Plaintiff's claims for false arrest, malicious prosecution, and First Amendment retaliation because Deputy Chapman had probable cause to arrest Plaintiff for loitering and prowling and resisting arrest without violence. The Court disagrees.

"Probable cause to arrest exists . . . when an arrest is objectively reasonable based on the totality of the circumstances." Coffin v. Brandau, 642 F.3d 999, 1006 (11th Cir. 2011)(citation and quotation omitted). This standard is satisfied where "the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010). The Eleventh Circuit has recently stated:

> "Because probable cause deals with probabilities and depends on the totality of the circumstances, it is a fluid concept that is not readily, or even usefully, reduced to a neat set of legal rules." District of

5

> Columbia v. Wesby, --- U.S. ---, 138 S. Ct. 577, 586, 199 L.Ed.2d 453 (2018) (quotation marks omitted). It "requires more than mere suspicion, but does not require convincing proof." Bailey v. Bd. of Cty. Comm'rs, 956 F.2d 1112, 1120 (11th Cir. 1992); see Wesby, 138 S. Ct. at 586 ("It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.") (quotation marks omitted). All in all, it's "not a high bar." Wesby, 138 S. Ct. at 586.

Gill, as Next Friend of K.C.R. v. Judd, No. 17-14525, 2019 WL 5304078, at *6 (11th Cir. Oct. 21, 2019).

Deputy Chapman argues he had probable cause to arrest Plaintiff for loitering and prowling, which is a second-degree misdemeanor under Florida law. See Fla. Stat. § 856.021. The loitering and prowling statute provides that:

> (1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
>
> (2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself or herself, or manifestly endeavors to conceal himself or herself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself or herself and explain his or her presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by

6

> the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.

Id. The offense of loitering and prowling thus "has two elements: (1) the accused must be loitering or prowling at a place, at a time, or in a manner not usual for law-abiding citizens; and (2) the loitering or prowling must be under circumstances that warrant a reasonable fear for the safety of persons or property in the vicinity." United States v. Gordon, 231 F.3d 750, 758 (11th Cir. 2000)(citation omitted).

The first element is satisfied where the suspect "engaged in incipient criminal behavior which law abiding people do not usually engage in given the time, place, or manner of the conduct involved." M.R. v. State, 101 So. 3d 389, 392 (Fla. 3d DCA 2012)(quotation and citation omitted). The second element is satisfied when "the accused's behavior is alarming in nature, creating an imminent threat to public safety." Mills v. State, 58 So. 3d 936, 939 (Fla. 2d DCA 2011)(citation and quotation omitted). "Even when an individual's conduct justifies an officer's alarm, the concern for an imminent breach of the peace may diminish because the loitering and prowling statute requires the officer to provide the person with the opportunity to dispel any alarm created by those circumstances." D.S.D. v. State, 997 So. 2d 1191, 1193 (Fla. 5th DCA 2008)(citation omitted).

7

Deputy Chapman argues he had probable cause to arrest Plaintiff for loitering and prowling because (1) Plaintiff "was not direct in his response" in explaining his presence at the storage facility; (2) "Plaintiff failed to provide identification"; and (3) Plaintiff's explanation that he was working for Randy Leon Sulwilcowski was "not believable" because Deputy Chapman "thought Randy was homeless and questioned whether he owned a place in the facility." (Doc. #121, p. 15.)

The Court finds Deputy Chapman's argument unavailing. As to Plaintiff's purported failure to provide identification, the record does not support Deputy Chapman's assertion that Plaintiff refused to identify himself for the reasons set forth in the Court's previous Opinion and Order (Doc. #173, pp. 15-26). Moreover, Plaintiff's mere presence at the storage facility was insufficient to constitute a violation of the loitering and prowling statute. D.S.D. v. State, 997 So. 2d 1191, 1193 (Fla. 5th DCA 2008)("Standing around behind a closed business late at night or early in the morning in an area noted for burglaries does not, without more, amount to the crime of loitering and prowling.").

And as to Plaintiff's explanation for being at the storage facility, when Deputy Chapman asked Plaintiff if anyone could confirm that he was lawfully working at the storage facility, Plaintiff explained to Deputy Chapman that he was working for Mr.

Sulwilcowski at the storage facility, and called Mr. Sulwilcowski on speaker to come to the front gate of the storage facility and explain his presence to Deputies Chapman and Wingo; Mr. Sulwilcowski then stated he was on his way. Deputy Chapman's vague suspicions about Plaintiff's explanation were insufficient to establish probable cause, as Deputy Chapman failed to provide Plaintiff with an opportunity to dispel Deputy Chapman's suspicions before arresting him. G.G. v. State, 903 So. 2d 1031, 1033 (Fla. 4th DCA 2005)("[T]he loitering and prowling statute requires the officer to provide the person with the opportunity to dispel any alarm created by [the] circumstances."). The Court thus finds Plaintiff has shown a lack of probable cause to arrest for loitering and prowling.

Deputy Chapman further argues he had arguable probable cause to arrest Plaintiff for loitering and prowling and is therefore entitled to qualified immunity. The Court disagrees.

Although an arrest without probable cause "violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity." Skop v. City of Atlanta, GA, 485 F.3d 1130, 1137 (11th Cir. 2007). Indeed, an officer who "make[s] an arrest without probable cause [is] entitled to qualified immunity if there was arguable probable cause for the arrest." Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)(citation omitted). Arguable probable cause exists "where reasonable officers in the

9

same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002)(citation and quotation omitted).

The arguable probable cause standard "is an objective one and does not include an inquiry [into] the officer's subjective intent or beliefs." Brown v. City of Huntsville, Ala., 608 F.3d 724, 735 (11th Cir. 2010)(citation omitted). Whether an officer possessed arguable probable cause "depends on the elements of the alleged crime and the operative fact pattern." Id. (citation omitted).

Deputy Chapman asserts he had arguable probable cause to arrest Plaintiff for loitering and prowling for the same reasons he claims his arrest was supported by probable cause. The Court is similarly unpersuaded by Deputy Chapman's argument. As noted *supra*, the record does not support Deputy Chapman's contention that Plaintiff refused to identify himself. Moreover, the record establishes that Deputy Chapman failed to "afford [Plaintiff] an opportunity to dispel any alarm or immediate concern" about Plaintiff's presence at the storage facility, as required by the loitering and prowling statute. Fla. Stat. § 856.021(2). The Court thus concludes that no "reasonable officers in the same circumstances and possessing the same knowledge as [Deputy Chapman] could have believed that probable cause existed to arrest" Plaintiff for loitering and prowling. Ferraro, 284 F.3d at 1195.

Accordingly, Deputy Chapman's request for summary judgment on the basis of arguable probable cause is also denied.

Deputy Chapman lastly argues he had probable cause to arrest Plaintiff for resisting an officer without violence because Plaintiff "made repeated complaints of harassment and demands for a supervisor and provided evasive answers, instead of simply providing his license or name and date of birth." (Doc. #121, p. 10.) Deputy Chapman also argues that even if he lacked probable cause to arrest Plaintiff for resisting an officer without violence, he had arguable probable cause to arrest Plaintiff and is therefore entitled to qualified immunity. However, for the same reasons set forth in the Court's Opinion and Order (Doc. #173, pp. 15-26), the Court finds Plaintiff has shown a lack of probable cause or arguable probable cause to arrest for resisting an officer without violence. Deputy Chapman's motion is therefore denied as to Counts V, VI, VII, and VIII.[1]

---

[1] As to Plaintiff's First Amendment retaliation claim, Deputy Chapman appears to also argue that Plaintiff failed to establish a causal connection between Plaintiff's March 9, 2014 complaint about Deputy Chapman and Deputy Chapman's April 4, 2014 arrest. Deputy Chapman asserts "there is no [] evidence" that Deputy Chapman was motivated to arrest Plaintiff by his March 9, 2014 complaint. (Doc. #121, p. 22.) However, the close temporal proximity between Plaintiff's complaint and his arrest – less than one month – "is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case." Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004)(finding "a period as much as one month between the protected expression and the adverse action" to constitute "sufficient circumstantial evidence of a causal connection for purposes of a prima facie case" of retaliation);

11

**B. The Excessive Force (Count VI) and Assault and Battery (Count XI) Claims**

Deputy Chapman also moves for summary judgment on Plaintiff's claims for excessive force and assault and battery, arguing the force he used to arrest Plaintiff was objectively reasonable under the circumstances. Deputy Chapman alternatively argues that even if he "used excessive force," he did not violate clearly established law and is thus entitled to qualified immunity. (Doc. #121, p. 22.)

For the reasons set forth in the Court's previous Opinion and Order (Doc. #173, pp. 26-30), the conflicting accounts over Deputy Chapman's use of force during Plaintiff's arrest create an issue of material fact as to whether Deputy Chapman's use of force was objectively reasonable under the circumstances. Moreover, at the time of Plaintiff's arrest, it was clearly established that "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008)(citation omitted). It was similarly clearly established at the time of Plaintiff's arrest

---

see also Donnellon v. Fruehauf Corp., 794 F.2d 598, 601 (11th Cir. 1986)("The short period of time [of less than one month], however, between the filing of the discrimination complaint and the plaintiff's discharge belies any assertion by the defendant that the plaintiff failed to prove causation.").

that an officer uses excessive force by "kicking and beating" an arrestee laying on the ground who "[a]t no point was [] fighting back or attempting to escape." Reese v. Herbert, 527 F.3d 1253, 1273 (11th Cir. 2008). Accordingly, on this record, the Court cannot conclude that Deputy Chapman is entitled to qualified immunity on Plaintiff's claims for excessive force (Count VI) and assault and battery (Count XI).

**C. The Civil Conspiracy Claim (Count XII)**

Count XII is a civil conspiracy claim under § 1983 which alleges that Deputy Chapman conspired with other deputies to violate Plaintiff's constitutional rights on April 4, 2014. Deputy Chapman argues he is entitled to summary judgment on Count XII because Plaintiff's claim is barred by the intra-corporate immunity doctrine. For the reasons set forth in the Court's Opinion and Order (Doc. #173, pp. 30-33), the Court agrees that Count XII is barred by the intra-corporate immunity doctrine.

Accordingly, it is now

**ORDERED:**

1. Defendant Michael D. Chapman's Motion for Summary Judgment (Doc. #121) is **GRANTED IN PART AND DENIED IN PART.**

2. The motion is **GRANTED** as to Count XII.

3. The motion is **DENIED** as to Counts V, VI, VII, XI, and XIII.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record