UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

      Plaintiff,

v.                      Case No: 2:18-cv-17-FtM-29MRM

KEVIN RAMBOSK, in his
official capacity as Sheriff
of Collier County, Florida,
KASEY P. WINGO,
individually, MICHAEL D.
CHAPMAN, individually, SCOTT
PEPIN, individually, and
ROSS ANTHONY, individually,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Scott Pepin's Motion for Reconsideration, or in the Alternative for § 1292(b) Certification (Doc. #180), filed on November 6, 2019. Plaintiff filed a Response in Opposition (Doc. #187) on November 7, 2019. The Court allowed Defendant Pepin to file a Reply (Doc. #195) on June 9, 2020. For the reasons set forth below, the Motion to Reconsider is granted. Upon reconsideration, the Court grants the Motion For Summary Judgment based upon the statutes of limitations. The Court denies the Motion For Certification Of An Interlocutory Appeal as moot.

**I.**

Plaintiff Robert Dale Harris (plaintiff or Harris) filed his original Complaint (Doc. #1) on January 9, 2018.  The Complaint asserted claims for false arrest, excessive force, malicious prosecution, negligence, assault and battery, negligent infliction of emotional distress, conspiracy, and First Amendment retaliation against Collier County Sheriff Kevin Rambosk in his official capacity and Collier County Sheriff's Office (CCSO) deputies Kasey P. Wingo, Michael D. Chapman, and Brian Wiedel in their individual capacities.  The claims asserted in the Complaint arose out of two arrests of plaintiff and several encounters between Plaintiff and CCSO deputies.  All claims were timely filed within the various applicable statutes of limitations as to all named defendants. Although he was mentioned by name in the recitation of facts as to an April 4, 2014 arrest and the subsequent trespass warning, CCSO Deputy Scott Pepin (Deputy Pepin) was not named as a defendant in the Complaint.

On May 1, 2018, plaintiff filed an Unopposed Motion to Amend Complaint. (Doc. #49.)  Among other proposed changes, the amended complaint would add "two additional defendants who, upon further review of discovery and additional facts acquired by counsel after the original Complaint was filed, played a key and significant role in the Plaintiff's claims for conspiracy, excessive use of force, malicious prosecution, and violation of his first amendment

rights." (Id. ¶ 3.)[1]  The Motion was granted the same day.  (Doc. #50.)

The Amended Complaint (Doc. #51) was filed on May 2, 2018. Deputy Pepin was one of the two new defendants named in the Amended Complaint. The Amended Complaint asserted claims against Deputy Pepin for false arrest and excessive force under 42 U.S.C. § 1983 (Count VIII), malicious prosecution under § 1983 and state law (Counts IX and X), assault and battery under state law (Count XI), and First Amendment retaliation (Count XVI).  The claims against Deputy Pepin arose out of two encounters: (1) Plaintiff's arrest by CCSO deputies Chapman and Wingo on April 4, 2014, in which it is alleged that Deputy Pepin assisted in the arrest, struck Plaintiff's back with a baton, and deployed a Taser into his back (Id., ¶¶ 301-335); and (2) a trespass warning that Deputy Pepin and three other deputies issued to Plaintiff on June 10, 2014. (Id., ¶¶ 361-372.)  A Summons was issued as to Deputy Pepin (Doc. #52) on May 9, 2018.

Deputy Pepin was personally served with the Summons and Amended Complaint on May 18, 2018.  (Doc. #197.)  On June 8, 2018, Deputy Pepin, through the law firm of DeBevoise & Poulton, P.A.,

---

[1] While the Motion to Amend Complaint was unopposed by the defendants named in the original Complaint, Deputy Pepin would later note that "[t]his assertion appears mistaken as Plaintiff was clearly aware of Pepin's conduct as of the timely-filed original Complaint."  (Doc. #62, p. 10 n.1.)

filed a Motion to Dismiss Amended Complaint (Doc. #62) on statute of limitations and qualified immunity grounds. Under Local Rule 2.03(a) of the Local Rules of the United States District Court for the Middle District of Florida, this constituted a general appearance by counsel on behalf of Deputy Pepin. The Court denied the Motion to Dismiss on October 18, 2018. (Doc. #74.)

On November 1, 2018, Deputy Pepin filed his Answer and Affirmative Defenses.   (Doc. #76.)   Deputy Pepin denied the allegations of wrongdoing, and his Fourth Affirmative Defense asserted that Counts VIII-XI were barred by the four-year statutes of limitations.

On June 10, 2019, Deputy Pepin moved for summary judgment on Counts VIII, IX, X, and XI. (Doc. #113.)[2] Deputy Pepin argued in part that the claims based on the April 4, 2014 arrest were time-barred because the four-year statutes of limitations began to run on April 4, 2014, and Plaintiff filed the Amended Complaint adding Deputy Pepin as a new defendant on May 2, 2018 – more than four years later.

On November 5, 2019, the Court entered its Opinion and Order (Doc. #175) granting in part and denying in part Deputy Pepin's

---

[2] Although not relevant here, Deputy Pepin also moved for summary judgment on the merits of Plaintiff's First Amendment retaliation claim in Count XVI. The Court granted Deputy Pepin's motion as to that claim. (Doc. #175, p. 26.) Count XVI was the only count against Deputy Pepin relating to the June 10, 2014 trespass events.

motion for summary judgment.  The Court agreed that Counts VIII, IX, X, and XI all appeared to be untimely (Id., pp. 8-10), and rejected plaintiff's arguments that equitable estoppel applied. (Id., pp. 10-12.)  The Court found, however, that such claims were not time-barred because they related back to the timely-filed claims set forth in the January 9, 2018 original Complaint.  (Id., pp. 12.) Specifically, the Court found that the claims against Deputy Pepin related back to the original Complaint under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.  (Id., pp. 13-14.)  The Court then proceeded with the merits of the summary judgment motion as to these counts, ultimately denying summary judgment.  (Id., pp. 14-26.)

Deputy Pepin now seeks reconsideration of the Court's determination that the Amended Complaint related back to the original Complaint.  Alternatively, Deputy Pepin requests that the Court certify the issue for interlocutory appellate review under 28 U.S.C. § 1292(b). In his Response in Opposition (Doc. #187), plaintiff argued that even if the Amended Complaint does not relate back under Rule 15(c)(1)(B), it related back under Rule 15(c)(1)(A).  Deputy Pepin was allowed to file a Reply (Doc. #195) as to this issue.

**II.**

The issue in this case is whether the Amended Complaint adding Deputy Pepin as a new defendant relates back to the timely-filed

original Complaint.  If it does, the claims against Deputy Pepin are not barred by any of the applicable statutes of limitations, and the claims may proceed (subject, of course, to the current appeal on the qualified immunity issue.)  If it does not, all pending claims against Deputy Pepin are untimely (regardless of the outcome of the qualified immunity issue.)

Rule 15(c) of the Federal Rules of Civil Procedure Rule governs the relation back effect of amendments to federal pleadings.  Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010); Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1131 (11th Cir. 2004).  The effect of allowing relation back is that the amended pleading is permitted to adopt the earlier pleading's filing date and is not time-barred by statutes of limitations or similar provisions, even if otherwise untimely. Makro Cap. of Am., Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008).  Rule 15(c)(1) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." Krupski, 560 U.S. at 553.

Under Rule 15(c)(1), an amended pleading relates back to the date of an original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-

-or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).  Thus, Rule 15(c) establishes two ways in which an amended pleading can relate back to an earlier pleading.

> First, relation back is permitted when the law imposing the statute of limitations itself permits relation back. <u>See</u> Fed. R. Civ. P. 15(c)(1)(A). Second, a pleading would relate back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, Rule 15 imposes an additional requirement for pleadings in this second group that also involve a change in the party against whom the claim is asserted. See Fed. R. Civ. P. 15(c)(1)(C). In order for pleadings in that subgroup to relate back, the party being added must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits ... and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." <u>Id.</u> Such pleadings also still must meet the common transaction or occurrence test of Rule 15(c)(1)(B). <u>See id.</u>

Makro Cap., 543 F.3d at 1258 (footnote omitted.) "Although the statute of limitations is an affirmative defense that must be established by the defendant, when relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." Covey v. Assessor of Ohio Cnty., 666 F. App'x 245, 248 (4th Cir. 2016)(citations omitted.)

### A. Relation Back Pursuant To Rule 15(c)(1)(B)-(C)

The general rule is set forth in Fed. R. Civ. P. 15(c)(1)(B). An amendment of a complaint relates back to the date of the original complaint if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Cliff, 363 F.3d at 1131, quoting Rule 15(c)(1)(B).

The Court's original Opinion and Order (Doc. #175) applied the Rule 15(c)(1)(B) general rule. The Court determined that the Amended Complaint related back to the date of the original Complaint because the claims against Deputy Pepin arose out of the same conduct described in the original Complaint as to the April 4, 2014 arrest. (Doc. #175, pp. 12-14.) This was the end of the Court's analysis, but it should not have been. See Makro Cap., 543 F.3d at 1258.

"[W]hen an amendment seeks to change a party against whom a claim is asserted, as opposed to changing merely the allegations

set forth in the pleading, the relation back rule is more stringent." <u>Cliff</u>, 363 F.3d at 1131.  Thus,

> [a]n amended complaint that adds a party or changes the name of a party relates back where (1) the claim "arose out of the same conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading;" (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits;" (3) the party being added received such notice within the time period of Rule 4(m), 120 days; and (4) the party being added "knew or should have known [within the Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity."

<u>Lindley v. City of Birmingham, Ala.</u>, 515 F. App'x 813, 815 (11th Cir. 2013).  <u>See also</u> <u>Ceara v. Deacon</u>, 916 F.3d 208, 211 (2d Cir. 2019).

Because the Court's original Opinion and Order failed to complete the analysis required when a new defendant is added by amendment, the Court grants Deputy Pepin's motion to reconsider. The Reconsideration is set forth below.

**(1)   Timely Original Complaint**

The original Complaint must have been timely filed, or else determination of relation back is a pointless exercise. <u>See</u> <u>Krupski</u>, 560 U.S. at 541. Both parties agree that the original Complaint in this case was timely filed as to all claims.  The Court also agrees.

**(2)  Arose Out of Conduct Set Forth In Original Complaint**

The amended pleading must meet the common transaction or occurrence test of Rule 15(c)(1)(B). Makro Cap., 543 F.3d at 1258. The Court continues to be of the view that the Amended Complaint satisfies Rule 15(c)(1)(B) because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  A substantial portion of the claims in the original Complaint involved the April 4, 2014 arrest, as do all the relevant claims against Deputy Pepin in the Amended Complaint. Accordingly, Plaintiff has established that Rule 15(c)(1)(B) is satisfied.

**(3)  Sufficient and Timely Notice to Defendant**

If Rule 15(c)(1)(B) is satisfied, Rule 15(c)(1)(C)(i) requires that within 90 days of the filing of the original Complaint the new party "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). The Supreme Court has re-iterated that Rule 15(c)(1) "asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." Krupski, 560 U.S. at 548.

Here, the record clearly establishes that both before and after the filing of the original Complaint Deputy Pepin had notice

of the claims such that he would not be prejudiced in defending on the merits.  Harris had filed two Notices of Intent to File a lawsuit against the Sheriff's Office, one on September 28, 2016 and the other on January 24, 2017.  The Sheriff's Office opened an internal administrative investigation which included Deputy Pepin's conduct at the April 4, 2014 arrest as potentially conduct unbecoming of a law enforcement officer.  (Doc. #116, pp. 25-26.) Deputy Pepin had provided a Sworn Statement to investigators on July 3, 2017 (Doc. #113), and he affirmed the truthfulness of his statement in a deposition after the filing of the Amended Complaint. (Doc. #116, pp. 27-28.) In both the Sworn Statement and the deposition, Deputy Pepin described his conduct in assisting in the arrest, striking Harris with a baton, and tasing him with a taser.  (Doc. # 113-2, pp. 68-72; Doc. #116, pp. 33-34.)

The original Complaint described Deputy Pepin's actions in the April 4, 2014 arrest of plaintiff as a responding deputy who "used his baton on HARRIS'S back, striking him several times." (Doc. #1, ¶ 66.)  This occurred after Harris was "subdued on the ground, these officers join in on the assault and battery against HARRIS by continuing to taser and beat him, including Cpl. Pepin who uses his baton to strike HARRIS on his back several times." (Id. at ¶ 52.)  This resulted in Harris being "on the ground and incapacitated from the beating . . ."  (Id. at ¶ 53.)

Deputy Pepin has never asserted any prejudice, and the record establishes that none existed in his defense of the allegations. See Fed. R. Civ. P. 15(c)(1)(C)(i). Plaintiff has thus established this requirement for relation back.

**(4)   Defendant's Timely Knowledge of Mistake**

Rule 15(c)(1) also requires that within the same 90-day period defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The correct inquiry focuses on what Deputy Pepin "reasonably should have understood about [plaintiff']s intent in filing the original complaint against" the Sheriff and three deputies. Krupski, 560 U.S. at 553-54. That is, would Deputy Pepin reasonably have understood that Harris intended to file claims against him in the original Complaint but for a mistake. See Krupski, 560 U.S. at 548-49 (the Supreme Court discusses the concept of "mistake" in Rule 15(c)).

Assuming there was a "mistake" within the meaning of Rule 15(c)(1)(C)(ii), the record establishes that Deputy Pepin did not know and should not reasonably have known that plaintiff intended to sue him as well as the other defendants in the original Complaint but for a mistake. There was no mistake as to a party's identity in this case, since Deputy Pepin and all the other parties were well-known from virtually the beginning of the events.

Plaintiff filed an 82-page, 479-paragraph, 21-count, fact-intensive original Complaint (Doc. #1). As summarized above, the original Complaint described Deputy Pepin's actions in the April 4, 2014 arrest as assisting the other officers in arresting plaintiff, striking Harris several times on his back with a baton after Harris had been subdued on the ground. (Doc. #1, ¶ 66.) After Harris was "subdued on the ground," the arriving officers "join in on the assault and battery against HARRIS by continuing to taser and beat him, including Cpl. Pepin who uses his baton to strike HARRIS on his back several times." (Id. at ¶ 52.) This resulted in Harris being "on the ground and incapacitated from the beating . . ." (Id. at ¶ 53.) Plaintiff alleged that about 59 CCSO deputies and personnel conducted 76 searches of plaintiff, which included searches by Pepin. (Id. at ¶ 149.) Like Deputy Pepin, most of the more than 59 CCSO deputies and other personnel who were identified by name were never named as a defendant. (e.g., Id. ¶¶ 67-124, 128-35, 137, 139-42, 144-48.)

The original Complaint was exceptionally detailed and fact-specific, and Deputy Pepin clearly would have understood that the naming of defendants had been given considerable thought. Nothing would have caused Deputy Pepin to believe he had escaped being a named-defendant due to the mistake or accident of plaintiff or his attorney. Rather, until being served with the Amended Complaint on May 18, 2018, Deputy Pepin would have reasonably understood

that he was not an intended defendant.  May 18, 2018, is 129 days after the original Complaint was filed, and is therefore outside the 90-day period set forth in Rule 15(c)(1).  Because plaintiff has not established timely knowledge by Deputy Pepin, he has not established that the Amended Complaint relates back to the filing of the original Complaint.

### B. Relation Back Under Rule 15(c)(1)(A)

Plaintiff also relies on Fed. R. Civ. P. 15(c)(1)(A), which provides that an amended pleading relates back to an earlier pleading where "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A). This provision of Rule 15

> incorporates the relation-back rules of the law of a state when that state's law provides the applicable statute of limitations. As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1)[(A)] even if the amendment would not relate back under the federal law rules.

Saxton v. ACF Indus., Inc., 254 F.3d 959, 962–63 (11th Cir. 2001). Thus, where state "law affords a more forgiving principle of relation back than the one provided in [Rule 15(c)(1)(B)-(C)], it should be available to save the claim."  Id. at 962 (citation and quotation omitted). See also Presnell v. Paulding Cnty., 454 F. App'x 763, 767 (11th Cir. 2011)(in citing to Saxton, the court found that because Georgia law applied to the statute of limitations for a § 1983 claim, Georgia law controlled regarding

- 14 -

relation back of an amendment, even if federal law would not permit it.)

Deputy Pepin argues that Saxton was based on diversity jurisdiction, and the Eleventh Circuit has yet to expressly confront whether federal courts borrow state law on relation back in federal question jurisdiction cases. See e.g., King v. Bencie, 806 F. App'x 873 (11th Cir. 2020); Menedez v. Jarden Corp., 503 F. App'x 930 (11th Cir. 2013). This is true, but there is nothing in Rule 15(c)(1)(A) which indicates the application of the Rule depends on the source of the federal court's subject matter jurisdiction. The Court finds that Rule 15(c)(1)(A) applies to a case such as this, where subject matter jurisdiction is premised on federal question jurisdiction and supplemental jurisdiction.

Deputy Pepin further contends that even if Florida relation back law applies, it would not permit the addition of a new party after the statute of limitations has run. The Court agrees.

Florida Rule of Civil Procedure 1.190(c) governs amended pleadings and defines the relation back doctrine as follows:

> (c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.

Fla. R. Civ. P. 1.190. Generally, Florida has a judicial policy of freely permitting amendments to the pleadings so that cases may be

resolved on the merits, as long as the amendments do not prejudice or disadvantage the opposing party. Caduceus Props., LLC v. Graney, 137 So. 3d 987, 991-92 (Fla. 2014).

The relation back doctrine, however, usually does not apply when an amendment seeks to add an entirely new party to the action after the statute of limitations has expired. Caduceus Props., 137 So. 3d at 993-94 ("Our holding here also does not disturb the precedent that, generally, the relation-back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired.")(citations omitted).  See also Castro v. Linfante, 45 Fla. L. Weekly D1774 (Fla. 3d DCA July 22, 2020).

Nevertheless, courts have recognized an exception to this rule "for separate parties with a sufficient 'identity of interest' such that the 'addition will not prejudice the new party.'" Rayner v. Aircraft Spruce Advantage, Inc., 38 So. 3d 817, 820 (Fla. 5th DCA 2010) (quoting Arnwine v. Huntington Nat'l Bank, N.A., 818 So. 2d 621, 624 (Fla. 2d DCA 2002). "The gist of the exception is that the relation-back doctrine applies when the new defendant is essentially one in the same as the existing defendant."[3] Russ v.

---

[3] Cases in which the "identity of interest" exception has been applied often involve "the substitution of one corporate entity for another." Russ, 159 So. 3d at 410; see e.g., Stiman v. Michael Graves Design Grp., Inc., 983 So. 2d 626 (Fla. 3d DCA 2008); Williams v. Avery Dev. Co.-Boca Raton, 910 So. 2d 851 (Fla. 4th DCA 2005); Darden v. Beverly Health & Rehab., 763 So. 2d 542 (Fla.

Williams, 159 So. 3d 408, 411 (Fla. 1st DCA 2015).  The exception will apply when the new defendant "knew or should have known that the plaintiff had made a mistake . . . as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party." Rayner, 38 So. 3d at 820 (quoting Arnwine, 818 So. 2d 624).

Here, plaintiff added Deputy Pepin as an entirely new party. While Deputy Pepin was employed by CCSO, the claims against Deputy Pepin were in his individual capacity, seeking damages from his pocketbook, not that of the Sheriff's Office.  Kentucky v. Graham, 473 U.S. 159, 166 (1985)("while an award of damages against an official in his personal capacity can be executed only against the officials assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.") This is not an instance where Deputy Pepin is "one in the same as the existing defendant[s]" such that there is an "identity of interest" between Pepin and the previously named defendants.[4] Rayner, 38 So. 3d at 820; Russ, 159 So. 3d at 411.

_____

5th DCA 2000).

[4] Plaintiff argues the Court's previous finding that Plaintiff's civil conspiracy claim was barred by the intra-corporate immunity doctrine lends support to a finding that Deputy Pepin shares an "identity of interest" with the named defendants. (Doc. #187, p. 3). The Court does not find that resolution of one issue is persuasive as to resolution of the other.

Further, as discussed above, Deputy Pepin neither knew nor should have known that the plaintiff had made a mistake in previously deciding he should not be a named defendant. Deputy Pepin did not mislead plaintiff as to his identity and was "under no obligation to advise plaintiff who to sue." Russ, 159 So. 3d at 411 (quoting Gray v. Exec. Drywall, Inc., 520 So. 2d 619, 621 (Fla. 2d DCA 1998)). Accordingly, plaintiff has not established that the Amended Complaint relates back to the original complaint under Fed. R. Civ. P. 15(c)(1)(A).

**III.**

In the alternative, Deputy Pepin seeks certification under 28 U.S.C. § 1292(b) of the relation back and statute of limitations defense. Because the Court has granted Deputy Pepin's Motion for Reconsideration and would grant his Motion for Summary Judgment as to the statute of limitations issue, his request is denied as moot.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Reconsideration, or in the Alternative for § 1292(b) Certification (Doc. #180) is **GRANTED** as to reconsideration. Upon reconsideration, the Motion For Summary Judgment (Doc. # 113) is **GRANTED** as to statute of limitations issue. The Clerk shall withhold entry of judgment until after the case is returned from the Eleventh Circuit.

2. Defendant's alternative Motion for Certification (Doc. #180) is **DENIED** as moot.

**DONE and ORDERED** at Fort Myers, Florida, this ___5th___ day of November, 2020.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record
Eleventh Circuit