UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DALE HARRIS,

      Plaintiff,

v.                          Case No: 2:18-cv-17-FtM-29MRM

KASEY     P.      WINGO,
individually, and MICHAEL D.
CHAPMAN, individually,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on six motions in limine filed by either plaintiff or one of the defendants. (Docs. ##223, 225, 226, 227, 228, 229.) The Court heard oral argument on some of the motions at the final pretrial conference on October 29, 2021. The motions are resolved as set forth below.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues,

to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 U.S. Dist. LEXIS 194217, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). Nor may "[a] party . . . use a motion in limine to sterilize the other party's presentation of the case." Johnson v. Gen. Mills Inc., 2012 U.S. Dist. LEXIS 199926, 2012 WL 13015023, *1 (C.D. Cal. May 7, 2012). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence. See Campbell v. Briere, No. 6:17-cv-1036-Orl-TBS, 2018 U.S. Dist. LEXIS 136159, at *4 (M.D. Fla. Aug. 13, 2018).

## II.

The operative pleading is Plaintiff's Amended Complaint (Doc. 51). The parties agree that after summary judgment the following claims remain for trial against the two deputies in their individual capacities:

- Count II – False Arrest against Deputy Wingo under 42 U.S.C. § 1983

- Count II – Excessive Force against Deputy Wingo under 42 U.S.C. § 1983

- Count III – Malicious Prosecution against Deputy Wingo under 42 U.S.C. § 1983

- Count V – False Arrest against Deputy Chapman under 42 U.S.C. § 1983

- Count V - Excessive Force against Deputy Chapman under 42 U.S.C. § 1983

- Count VI – Malicious Prosecution against Deputy Wingo under Florida law

- Count VI – Malicious Prosecution against Deputy Chapman under 42 U.S.C. § 1983

- Count VII – Malicious Prosecution against Deputy Chapman under Florida law

- Count XI – Assault and Battery against Deputies Chapman and Wingo under Florida law

- Count XIII – First Amendment retaliation against Deputies Chapman and Wingo under 42 U.S.C. § 1983.

(Doc. #232, pp. 2-3.)  Both sides have filed motions in limine, which are resolved below.

A. **Plaintiff's Motion in Limine to Limit the Trial to Damages Only Based on the Law of the Case (Doc. #223); Response (Doc. # 235)**

Read liberally, Plaintiff moves in limine to exclude any evidence contesting the liability of defendants for the claims which remain in the Amended Complaint.  Plaintiff asserts that only the issue of damages remains for a jury trial because the Eleventh Circuit Court of Appeals determined that the deputies were not entitled to qualified immunity.  Plaintiff argues that the Eleventh Circuit has thus determined the issue of liability, which remains as the law of the case.  Not surprisingly, the deputies do not see it the same way.

The defendant deputies had filed a motion for summary judgment in the district court arguing they were entitled to qualified immunity. The district court denied the motion, and defendants took an interlocutory appeal as to three of the claims brought by plaintiff. (Docs. ##173, 174, 176, 179.) The Eleventh Circuit affirmed the denial in an unpublished opinion. Harris v. Wingo, 845 Fed. Appx. 892 (11th Cir. 2021).  In relevant part, the Eleventh Circuit stated that: the facts must be viewed in the light most favorable to plaintiff Harris, and disputed facts were resolved in plaintiff's favor, Id. at 892, 894, 896; the appeal concerned only three of plaintiff's claims – false arrest, malicious prosecution, and First Amendment retaliation, Id. at 893; taking the undisputed facts (largely from the audio recording)

in the light most favorable to plaintiff, the officers did not have arguable probable cause to arrest plaintiff for loitering and prowling or for resisting arrest without violence, Id. at 894-96; because the deputies lacked arguable probable cause to arrest, the arrest violated plaintiff's clearly established Fourth Amendment rights, and the deputies were not entitled to qualified immunity, Id. at 896.

Defendants recognize, as they must, that "an appellate decision on an issue must be followed in all subsequent trial court proceedings." (Doc. #235, p. 6, quoting Stanley v. Broward Cty. Sheriff, 773 F. App'x 1065, 1067 (11th Cir. 2019)). Defendants argue, however, that the law of the case doctrine does not foreclose litigating the issue of liability, as well as damages, in this trial. The Court agrees.

"The law of the case doctrine, however, bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding." Oladeinde v. City of Birmingham, 230 F.3d 1275, 1288 (11th Cir. 2000) (internal quotations and citations omitted). Further, an exception to this doctrine applies when substantially different evidence is produced. Jackson v. State of Alabama State Tenure Com'n, 405 F.3d 1276, 1283 (11th Cir. 2005). The Court therefore must first identify the legal issues the Eleventh Circuit "actually, or by necessary implication," decided. Id.

Nothing in the Eleventh Circuit decision determined that the deputies were liable for all of the claims brought by plaintiff. Indeed, not all of the claims had been the subject of the summary judgment motion, only those relating to false arrest, malicious prosecution, and First Amendment retaliation. Even as to these three types of claim, the Eleventh Circuit did not decide that the deputies were liable. Rather, the law of the case is that when considering only the undisputed facts, and viewing them in the light most favorable to plaintiff, the deputies lacked arguable probable cause to arrest and were therefore not entitled to qualified immunity. That remains binding, but does not preclude trial as to liability unless there are no additional facts presented at trial. While disputed facts could not be considered at the summary judgment stage, defendants state they "can (and will) show" facts independent of the audio recording to establish that plaintiff committed a crime. (Doc. #235, p. 5.) "When the record changes, which is to say when the evidence and the inferences that may be drawn from it change, the issue presented changes as well. The first exception to the doctrine recognizes that the law of the case is the law made on a given set of facts, not law yet to be made on different facts." Jackson, 405 F.3d at 1283. Accordingly, the motion in limine is denied.

The Court leaves the dispute over the use of special interrogatories until the jury charge conference. Such a dispute is not a matter which is properly addressed in an *in limine* motion.

> **B. Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defense Expert Dr. Lori Butts (Doc. #225); Response (Doc. #245)**

> **C. Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defendants' Expert Dr. Richard Hough (Doc. #226); Response (Doc. #244)**

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. <u>United States v. Perry</u>, No. 16-11358, 2021 WL 4448600, 2021 U.S. App. LEXIS 29333, at *16 (11th Cir. Sep. 29, 2021). Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> > (b) the testimony is based on sufficient facts or data;

> > (c) the testimony is the product of reliable principles and methods; and

> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 contemplates that the district court serve as gatekeeper for the admission of such testimony in order

to ensure that any and all expert testimony is both relevant and reliable. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1183 (11th Cir. 2013). "The Supreme Court did not intend, however, that the gatekeeper role supplant the adversary system or the role of the jury: vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." McDowell v. Brown, 392 F.3d 1283, 1299 (11th Cir. 2004) (marks and citations omitted).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact. Perry, 2021 U.S. App. LEXIS 29333, at *16; Moore v. Intuitive Surgical, Inc., 995 F.3d 839, (11th Cir 2021). The burden of laying the proper foundation for the admission of expert testimony "is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010). The admission of expert testimony is a matter within the discretion

of the district court, which is accorded considerable leeway in making its determination. Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Frazier, 387 F.3d at 1269-61). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61; Perry, 2021 U.S. App. LEXIS 29333, at *17.

The second inquiry for determining the admissibility of expert testimony is whether the methodology used by the expert is sufficiently reliable. Tampa Bay Water, 731 F.3d at 1183. The reliability prong is distinct from an expert's qualifications; thus, an expert can be qualified but his opinions unreliable. See Moore, 995 F.3d at 852; see also Frazier, 387 F.3d at 1261. The Supreme Court has provided a non-exhaustive list of factors to guide courts in assessing the reliability of expert opinions: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Kilpatrick, 613 F.3d at 1335 (citing Daubert, 509 U.S. at 593-94). Although these criteria are more applicable to assessing the reliability of scientific opinions,

they "may be used to evaluate the reliability of non-scientific, experience-based testimony." <u>Frazier</u>, 387 F.3d at 1262 (citing <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 152 (1999)). "Exactly how reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." <u>Id.</u>

The third requirement for admissibility is that the expert testimony must assist the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." <u>Frazier</u>, 387 F.3d at 1262-63; <u>see also</u> <u>Edwards v. Shanley</u>, 580 F. App'x 816, 823 (11th Cir. 2014).  "This condition goes primarily to relevance." <u>Daubert</u>, 509 U.S. at 591.

> **(1)  Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defense Expert Dr. Lori Butts (Doc. #225)**

Plaintiff seeks to exclude the testimony of Dr. Butts regarding plaintiff's claim of psychological damages.  While untimely, the Court will nonetheless consider plaintiff's motion.

Plaintiff argues that Dr. Butts does not satisfy any of the requirements of <u>Daubert</u> and its progeny.  After reviewing the record, the Court finds that defendants have established that Dr.

Butts is qualified, her methodology is sufficiently reliable, and that her testimony will assist the jury in reaching a decision as to plaintiff's psychological damages.   As previously noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." McDowell, 392 F.3d at, 1299 (marks and citations omitted).   This motion in limine is denied.

As discussed at the final pretrial conference, denial of the motion in limine does not admit any particular testimony from Dr. Butts.   Counsel is required to make objections to specific testimony if the specific testimony is believed to be improper.

**(2)  Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defendants' Expert Dr. Richard Hough (Doc. #226)**

Plaintiff seeks to exclude the testimony of Dr Hough concerning the current practices and professional standards of law enforcement and the facts surrounding the April 4, 2014 arrest. While untimely, the Court will consider the motion.

Plaintiff seeks to exclude expert testimony as to the content of videotapes (as not needing expert testimony), and the policies and procedures of the Sheriff's Office and whether they were followed (as being irrelevant since the Sheriff is no longer a defendant). The Court agrees that testimony from an expert is not

helpful to the jury if it simply states what the expert sees or hears on the recording.  Prosper v. Martin, 989 F.3d 1242, 1250 (11th Cir. 2021).  At the final pretrial conference defense counsel stated that this was not the type of testimony which would be elicited from Dr. Hough.  Accordingly, this portion of the in limine motion is denied.  Additionally, while compliance with professional standards is not dispositive of a claim, the Court finds such testimony to be relevant.  Therefore, this portion of the in limine motion is also denied.  Again, counsel must voice objections to specific testimony at trial.

> **D. Plaintiff's Opposed Motion in Limine . . . To Exclude Evidence Related to the Plaintiff['s . . .] Arrest and Juvenile Record (Doc. #227); Response (Doc. #241).**

Plaintiff seeks to exclude argument or testimony pertaining to his juvenile and adult arrests.  Defendants respond that they do not seek to introduce court records of any juvenile arrest or detention, but would elicit such information which was given by plaintiff to Dr. Butts during his psychological examination. (Doc. #241, pp. 2-3.)  Defendants further argue that the motion is premature, but that prior arrests are relevant to his claimed damages.  (Id. at 3-4.)

As the discussion at the final pretrial conference indicated, resolution of this motion in the pretrial context is difficult because of the need to know the actual testimony which has previously been presented to the jury.  Plaintiff's arrests and

juvenile record may or may not be admissible, but the Court simply cannot tell at this stage of the proceedings.  It is clear, however, that such evidence would potentially be unduly prejudicial.  Therefore, the Court will grant the motion to the extent that defense counsel may not refer to or elicit information about plaintiff's other arrests or his juvenile record with prior approval of the Court.

> **E. Defendant Kasey Wingo's Motion in Limine (Doc. #228); Response (Doc. #228)**
>
> **F. Defendant Michael D. Chapman's Motion in Limine (Doc. #229); Response (Doc. #229)**

Plaintiff has agreed not to utilize the information identified in the motions.  Therefore, the Court will grant the motions to the extent that plaintiff may not refer to or elicit such information with prior approval of the Court.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion in Limine to Limit the Trial to Damages Only Based on the Law of the Case (Doc. #223) is **DENIED.**

2. Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defense Expert Dr. Lori Butts (Doc. #225) is **DENIED.**

3. Plaintiff's Opposed Motion in Limine/*Daubert* Motion Directed to the Testimony of Defendants' Expert Dr. Richard Hough (Doc. #226) is **DENIED.**

4. Plaintiff's Opposed Motion in Limine . . . To Exclude Evidence Related to the Plaintiff['s . . .] Arrest and Juvenile Record (Doc. #227) is **GRANTED** to the extent that defense counsel may not refer to or elicit information about plaintiff's other arrests or his juvenile record with prior approval of the Court.

5. Defendant Kasey Wingo's Motion in Limine (Doc. #228) is **GRANTED** to the extent that plaintiff may not refer to or elicit such information with prior approval of the Court.

6. Defendant Michael D. Chapman's Motion in Limine (Doc. #229) is **GRANTED** to the extent that plaintiff may not refer to or elicit such information with prior approval of the Court.

DONE and ORDERED at Fort Myers, Florida, this ___29th___ day of October, 2021.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record