```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ROBERT DALE HARRIS,

      Plaintiff,

v.                                   Case No: 2:18-cv-17-JES-MRM

KASEY P. WINGO, individually, MICHAEL D. CHAPMAN, individually,

      Defendants.

_____

**VERDICT FORM**

A. **COUNT II and COUNT V: PLAINTIFF'S FALSE ARREST CLAIMS AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN – 42 U.S.C. § 1983**

WE THE JURY FIND:

1. **Robert Harris (Mr. Harris) has proven by a preponderance of the evidence that he was falsely arrested in violation of the Fourth Amendment by Deputy Kasey Wingo (Deputy Wingo).**

    Yes _____          No _____

2. **Mr. Harris has proven by a preponderance of the evidence that he was falsely arrested in violation of the Fourth Amendment by Deputy Michael Chapman (Deputy Chapman).**

    Yes _____          No _____

If you answered YES to either Question 1 or Question 2, your verdict is for Mr. Harris on this claim. Proceed to the next questions. If you answered NO to both Question 1 and Question 2, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should skip Question 3 and Question 4 and proceed to Question 5.

3. Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the false arrest found above:

   **Compensatory Damages:    $_____**

   – **OR** –

   **Nominal Damages:         $_____**

   – **AND** –

   **Exemplary Damages:       $_____**

4. Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:

   **Compensatory Damages:    $_____**

**B. COUNT II and COUNT V: PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN – 42 U.S.C. § 1983**

WE THE JURY FIND:

5. **Mr. Harris has proven by a preponderance of the evidence that Deputy Wingo subjected him to excessive or unreasonable force during an arrest in violation of the Fourth Amendment.**

    **Yes** _____          **No** _____

6. **Mr. Harris has proven by a preponderance of the evidence that Deputy Chapman subjected him to excessive or unreasonable force during an arrest in violation of the Fourth Amendment.**

    **Yes** _____          **No** _____

    If you answered YES to <u>either</u> Question 5 or Question 6, your verdict is for Mr. Harris on this claim. Proceed to the next questions.  If you answered NO to <u>both</u> Question 5 and Question 6, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should skip Question 7 and Question 8 and proceed to Question 9.

7. **Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the excessive force found above:**

    **Compensatory Damages:   $**_____

    **– OR –**

    **Nominal Damages:         $**_____

    **– AND –**

3

   **Exemplary Damages:**  $_____

8. Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:

   **Compensatory Damages:** $_____

**C. COUNT III and COUNT VI: PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIMS AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN**

WE THE JURY FIND:

9. Mr. Harris has proven by a preponderance of the evidence that Deputy Wingo acted with malice and without probable cause in commencing or continuing judicial criminal proceedings against Mr. Harris in violation of the Fourth Amendment.

    Yes _____          No _____

10. Mr. Harris has proven by a preponderance of the evidence that Deputy Chapman acted with malice and without probable cause in commencing or continuing judicial criminal proceedings against Mr. Harris in violation of the Fourth Amendment.

    Yes _____          No _____

    If you answered YES to either Question 9 or Question 10, your verdict is for Mr. Harris on this claim. Proceed to the next questions. If you answered NO to both Question 9 and Question 10, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should skip Question 11 and Question 12 and proceed to Question 13.

11. Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the malicious prosecution found above:

    Compensatory Damages: $_____

                              - OR -

       **Nominal Damages:**        $_____

                             - AND -

       **Exemplary Damages:**     $_____

12. Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:

       **Compensatory Damages:**  $_____

**D. COUNT XIII: PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN – 42 U.S.C. § 1983**

WE THE JURY FIND:

13. **Mr. Harris has proven by a preponderance of the evidence that Deputy Wingo retaliated against him in violation of the First Amendment.**

    Yes _____          No _____

14. **Mr. Harris has proven by a preponderance of the evidence that Deputy Chapman retaliated against him in violation of the First Amendment.**

    Yes _____          No _____

    If you answered YES to <u>either</u> Question 13 or Question 14, your verdict is for Mr. Harris on this claim. Proceed to the next questions. If you answered NO to <u>both</u> Question 13 and Question 14, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should skip Question 15 and Question 16 and proceed to Question 17.

15. **Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the First Amendment retaliation found above:**

    **Compensatory Damages:  $_____**

    **– OR –**

    **Nominal Damages:**  $_____

       – **AND** –

    **Exemplary Damages:** $_____

16.  Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:

    **Compensatory Damages:** $_____

**E. COUNT VI and COUNT VII: PLAINTIFF'S FLORIDA LAW MALICIOUS PROSECUTION CLAIM AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN**

WE THE JURY FIND:

17. Mr. Harris has proven by a preponderance of the evidence that Deputy Wingo acted with malice and without probable cause in commencing or continuing judicial criminal proceedings against Mr. Harris in violation of Florida law.

    Yes _____          No _____

18. Mr. Harris has proven by a preponderance of the evidence that Deputy Chapman acted with malice and without probable cause in commencing or continuing judicial criminal proceedings against Mr. Harris in violation of Florida law.

    Yes _____          No _____

    If you answered YES to <u>either</u> Question 17 or Question 18, your verdict is for Mr. Harris on this claim. Proceed to the next questions.  If you answered NO to <u>both</u> Question 17 and Question 18, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should skip Question 19 and Question 20 and proceed to Question 21.

19. Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the malicious prosecution found above:

    Compensatory Damages:  $_____

                              – OR –

**Nominal Damages:**      $_____

20. Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:

    **Compensatory Damages:**  $_____

**F. COUNT XI: PLAINTIFF'S FLORIDA LAW BATTERY CLAIM AGAINST DEPUTY WINGO AND DEPUTY CHAPMAN**

WE THE JURY FIND:

21. Mr. Harris has proven by a preponderance of the evidence that Deputy Wingo committed a battery against him during an arrest in violation of Florida law.

    Yes _____          No _____

22. Mr. Harris has proven by a preponderance of the evidence that Deputy Chapman committed a battery against him during an arrest in violation of Florida law.

    Yes _____          No _____

    If you answered YES to either Question 21 or Question 22, your verdict is for Mr. Harris on this claim. Proceed to the next questions.  If you answered NO to both Question 21 and Question 22, your verdict is for Deputy Wingo and Deputy Chapman as to this claim and you should go to the last page, sign and date the document, and return this form to the Court.

23. Mr. Harris has proven by a preponderance of the evidence that he suffered damages due to the battery found above:

    Compensatory Damages:   $_____

             – OR –

    Nominal Damages:        $_____

11

24. **Deputy Wingo and Deputy Chapman have proven by a preponderance of the evidence that Mr. Harris failed to mitigate his damages, thereby reducing the above damages by the following amounts:**

   **Compensatory Damages:   $_____**

SO SAY WE ALL.

_____
DATE

_____
JURY FOREPERSON