```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ROBERT DALE HARRIS,

    Plaintiff,

v.                              Case No:  2:18-cv-17-JES-MRM

KASEY P. WINGO,
individually, MICHAEL D.
CHAPMAN, individually,

    Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on Plaintiff Robert Dale Harris' (plaintiff or Harris) Motion for a New Trial, Altering or Amending the Judgement (Doc. #263) filed on January 4, 2022. Defendants Kasey P. Wingo and Michael D. Chapman (collectively, defendant deputies) filed a Response (Doc. #266) on January 18, 2022.  For the reasons set forth below, the motion is **denied**.

The Court held a jury trial in this matter from December 7 through December 10, 2021.  The jury returned a verdict in favor of defendant deputies on all claims (Doc. #260), and judgment was entered (Doc. #262).  Plaintiff now requests, pursuant to Fed. R. Civ. P. 59(a)(1)(A) and (e), an altered or amended judgment in his favor and a new trial to decide only the amount of his damages. (Doc. #263.)  Plaintiff argues that he is entitled to this relief because the Court and defense counsel failed to adhere to the

Eleventh Circuit's previous mandate during the trial, plaintiff's stop and detention were unlawful, and the jury's verdicts to the contrary are wrong. (Id.)

A Rule 59 motion for a new jury trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Such reasons include a verdict which is against the weight of the evidence or will result in a miscarriage of justice, erroneous jury instructions, or misconduct of trial counsel. Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001); Tierney v. Black Bros. Co., 852 F. Supp. 994, 1003 (M.D. Fla. 1994) (collecting cases). Resolution of a motion for a new trial is committed to the discretion of the trial court. McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1255 (11th Cir. 2016). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Id.

Under Rule 59(e), a district court may "alter or amend a judgment." Fed. R. Civ. P. 59(e). Rule 59(e) gives a district court the chance "to rectify its own mistakes in the period immediately following its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quotation omitted); see also Jenkins v. Anton,

2

922 F.3d 1257, 1263 (11th Cir. 2019) ("a district court may alter or amend a judgment that is based on manifest errors of law or fact"). The decision to reconsider a judgment is committed to the sound discretion of the district court. Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006). A Rule 59(e) motion should not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff's motion mostly addresses his previous argument that the jury trial should have been limited to a determination of the amount of damages because the Court of Appeals had already decided defendants' liability. (Doc. #235.) The current motion asserts that the Court violated the Eleventh Circuit's mandate by allowing the jury to determine facts other than the amount of damages. Plaintiff's position is not well-founded.

It is certainly true that a district court must follow the directions of an appellate court's decision and mandate.

> The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case. But neither principle applies when the issue in question was outside the scope of the prior appeal.

AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 579 F.3d 1268, 1270-71 (11th Cir. 2009) (cleaned up).

3

> The "mandate rule" is simply a "specific application of the 'law of the case' doctrine." Piambino, 757 F.2d at 1120 (citing Greater Boston Television Corp. v. Fed. Commc'ns Comm'n, 463 F.2d 268, 279 (D.C. Cir. 1971), *cert denied*, 406 U.S. 950, 92 S. Ct. 2402 (1972)). It "stands for the proposition that an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." Id. (citing Westbrook v. Zant, 743 F.2d 764, 768–69 (11th Cir. 1984); Baumer v. United States, 685 F.2d 1318, 1320 (11th Cir. 1982)).

Ne. Engineers Fed. Credit Union v. Home Depot, Inc., No. 20-10667, 2022 WL 40210, at *3 n.6 (11th Cir. Jan. 5, 2022).

In this case, the district court denied defendants' motion for summary judgment asserting entitlement to qualified immunity. Defendants appealed that decision, and the Eleventh Circuit affirmed the denial of summary judgment on the issue of qualified immunity. Harris v. Wingo, 845 Fed. App'x. 892, 896 (11th Cir. 2021). But denial of summary judgment on a claim of qualified immunity does not establish liability for the underlying conduct. "[A] claim of immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated." Mitchell v. Forsyth, 472 U.S. 511, 527–28 (1985). Denial of qualified immunity simply allows the case to proceed to trial,

4

where the facts may well be different[1] and the issue of qualified immunity issue may be revisited.  Cottrell v. Caldwell, 85 F.3d 1480, 1488 (11th Cir. 1996).

Plaintiff is simply seeking to relitigate matters which the Court has already decided and fare no better now.  Defendants were entitled to have a jury decide the facts of the case.  The verdict in this case was not against the great weight of the evidence.  The Court has considered all arguments presented in plaintiff's motion and finds that none have merit or warrant a new trial.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for a New Trial, Altering or Amending the Judgement (Doc. #263) is **DENIED**.

---

[1] As the Eleventh Circuit explained in its decision:

> On review of a motion for summary judgment, we view the facts in the light most favorable to the plaintiff. Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). In recounting the facts, we note where facts are disputed and at this stage resolve the disputes in Harris's favor. We emphasize, however, "that the facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n.3 (11th Cir. 2000) (internal quotation marks omitted). Because we write for the parties, who are familiar with the facts, we include only what is necessary to explain our decision.

Harris, 845 Fed. App'x. at 893.

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of February, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record